# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF GEORGIA
## BRUNSWICK DIVISION

LANGSTON AUSTIN, and )
ERNEST FULLER III, on behalf )
of themselves and all others similarly )
situated, )
                 )
       Plaintiffs, )     Case No. <u> CV220-73 </u>
                 )
v. )
                 )     **JURY TRIAL DEMANDED**
GLYNN COUNTY, GEORGIA )
                 )
       Defendant. )

## <u>VERIFIED COLLECTIVE ACTION COMPLAINT</u>

Plaintiffs Langston Austin and Ernest Fuller III ("Plaintiffs"), on their own behalf and on behalf of others similarly situated, by and through counsel, file this Verified Collective Action Complaint against Defendant Glynn County, Georgia ("Defendant" or "Glynn County") and allege that Defendant violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.,* by failing to pay Plaintiffs and similarly situated employees overtime wages for all eligible hours worked. In support of their claims, Plaintiffs assert as follows:

## THE PARTIES, JURISDICTION, AND VENUE

1.      Plaintiffs and others similarly situated are Detention Officers employed by Glynn County Sheriff's Department at various times within the last three calendar years preceding the date of the filing of this suit.

2.      Defendant Glynn County, Georgia is a municipal corporation and political subdivision of the State of Georgia organized and existing under the Constitution of the State of Georgia.

3.      Defendant can be served through the Chairman of its Board of Commissioners, Michael Browning at 1725 Reynolds Street, Suite 302, Brunswick, Georgia 31520.

4.      The relevant period is three years prior to the filing of this complaint, July 6, 2017 through July 6, 2020.

5.      At all relevant times, Plaintiffs have been employees who are, or were, employed in an enterprise engaged in commerce or in the production of goods for commerce, as defined by Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1).

6.      At all relevant times, Plaintiffs have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201, *et seq.*

7.      At all relevant times, Defendant has continuously been an employer as defined by Section 3(d) of the FLSA 29 U.S.C. § 203(d), and is a "public agency"

within 29 U.S.C. § 203(x), with its principal place of business within the Southern District of Georgia, Brunswick Division.

8.      At all relevant times, Defendant has been aware of the provisions of the FLSA, 29 U.S.C. § 201, *et seq.*

9.      At all relevant times, Defendant is also an enterprise, as defined by Section 3(r) of the FLSA 29 U.S.C. § 203(r).

10.     Defendant transacts business in this judicial district.

11.     This court has subject matter jurisdiction over Plaintiffs' FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 206.

12.     Defendant is subject to the jurisdiction of this Court.

13.     Venue is proper in the Southern District of Georgia pursuant to 28 U.S.C. § 1391.

**FACTUAL BASIS OF PLAINTIFFS' CLAIMS**

14.     Plaintiffs were employed by Defendant as Detention Officers.

15.     At all times during Plaintiffs' employment, Plaintiffs were non-exempt employees of Defendant pursuant to 28 U.S.C. §213(b)(20).

16.     Plaintiffs consent to be a party and opt-in Plaintiffs in this lawsuit and to represent the collective class adequately. See, Exhibit 1, Plaintiffs' Declaration and Consent.

17.    At all relevant times, Plaintiffs and other Detention Officers were "employees" of Defendant as that term is used in 29 U.S.C. § 203(e)(2)(C).

18.    At all relevant times, Defendant employed, and/or continues to employ, Plaintiffs and other Detention Officers within the meaning of the FLSA.

19.    Plaintiff Austin is currently employed by Defendant and has been for at least 3 years prior to the filing of this lawsuit.

20.    Plaintiff Fuller's employment with Defendant ended on July 3, 2020.

21.    Plaintiff Fuller was employed by Defendant for approximately 20 months prior to the filing of this lawsuit.

22.    Throughout the relevant period, Defendant employed Detention Officers in Glynn County, Georgia, including Plaintiffs and similarly situated employees.

23.    Plaintiffs and other Detention Officers employed by Defendant were similarly situated, with similar job duties and responsibilities, and with similar pay structures.

24.    At all relevant times, Plaintiffs and other Detention Officers were non-exempt employees for Defendant.

25.    Plaintiffs' and other Detention Officers' job duties while employed by Defendant included, but were not limited to, enforce rules and keep order within jails or prisons, supervise activities of inmates, inspect facilities to ensure that they meet

security and safety standards, search inmates for contraband items, report on inmate conduct, and escort and transport inmates.

26.   In performing their job duties for Defendant, Plaintiffs and other Detention Officers did not perform executive functions or have any duties with regard to managing any aspect of Defendant's operations.

27.   In performing their job duties for Defendant, Plaintiffs and other Detention Officers did not perform executive functions or have any duties with regard to managing any aspect of Defendant's operations.

28.   In performing their job duties for Defendant, Plaintiffs and other Detention Officers did not direct or supervise the work of any employees.

29.   In performing their job duties for Defendant, Plaintiffs and other Detention Officers did not have the authority to hire or fire any employee or make suggestions or recommendations as to the hiring, firing or changing the status of any employee.

30.   In performing their job duties for Defendant, Plaintiffs and other Detention Officers did not exercise any discretion or independent judgment with regard to matters of significance.

31.   Plaintiffs and other Detention Officers' job duties did not include primary work that requires knowledge of any advanced type in a field customarily acquired by prolonged, specialized, intellectual instruction or study.

32.    Every two weeks, Defendant totals Plaintiffs' and other Detention Officers' hours for payroll purposes.

33.    Every two weeks, Defendant pays Plaintiffs and other Detention Officers for hours worked in the preceding two-week period.

34.    Defendant allegedly calculated Plaintiffs' and other Detention Officers' overtime wages based on a work period pursuant to 29 U.S.C. § 207(k).

35.    The FLSA allows for employers to calculate overtime wages on a 7 to 28-day work period for employees engaged in law enforcement activities.  However, Defendant still incorrectly and illegally calculated Plaintiffs' and other Detention Officers' overtime wages.

36.    Defendant underpaid Plaintiffs and other Detention Officers overtime wage compensation required by the FLSA

37.    Defendant routinely denied Plaintiffs and other Detention Officers payment of overtime wages required by the FLSA.

38.    Defendant willfully and/or deliberately failed to pay Plaintiffs and other Detention Officers their earned wages for hours worked in violation of the FLSA.

## <u>COLLECTIVE ACTION ALLEGATIONS</u>

39.     Plaintiffs bring this case on each his own behalf and as an "opt-in" collective action on behalf of the following class of employees (the "Collective Class") pursuant to 29 U.S.C. § 216(b):

> All persons who, during the period beginning three years prior to the filing date of this Complaint, were employed by Glynn County Sheriff's Office of Glynn County, Georgia as a Detention Officer and were denied overtime wage compensation for hours worked.

40.     Plaintiffs, on behalf of themselves and Collective Class members, seek relief on a collective basis challenging Defendant's failure to properly pay overtime wages for all eligible hours in violation of the FLSA.

41.     The Collective Class is so numerous that joinder of all members is impracticable.  It is believed that the Collective Class includes over forty persons.

42.     Plaintiffs' claims and experiences are typical of that of the Collective Class members.

43.     Plaintiffs will fairly and adequately protect the interests of the Collective Class and have retained counsel that are experienced and competent in the fields of employment law and collective action litigation.  Plaintiffs have no interest that is contrary to or in conflict with those of the Collective Class members.

44.     This Collective Action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is not

practical.  The cost of litigation compared to the anticipated damages make it more efficient to adjudicate this matter as a Collective Action.

45.    Common questions of law and fact predominate in this action, including but not limited to:

　　　a.  Identification of all persons in the Collective Class; and

　　　b.  Whether Defendant paid Plaintiffs and Collective Class members proper wages for all hours worked.

46.    Plaintiffs have given their written consent to become party Plaintiffs in this collective action under the FLSA. Plaintiffs' written consent is attached hereto as "Exhibit 1."

**COUNT I**
**FAIR LABOR STANDARDS ACT VIOLATIONS**
**OVERTIME**

47.    Plaintiffs reallege and incorporate by reference the preceding paragraphs of the Complaint as if they were set forth fully herein.

48.    At all relevant times, Defendant violated and continues to violate FLSA and the regulations of the U.S. Department of Labor, by failing and refusing to pay all applicable FLSA overtime compensation to Plaintiffs and Collective Class members at a rate of not less than one and one-half times their regular rate of pay for hours worked in excess of the hourly standard applicable to law enforcement employees under FLSA, 29 U.S.C. § 207(k).

8

49.   At all relevant times, Defendant employed Plaintiffs and Collective Class members within the meaning of the FLSA, 29 U.S.C. §§ 201 et seq.

50.   At all relevant times, Defendant was an enterprise (as that term is defined in 29 U.S.C. § 203(r) and (s)(1)) with multiple employees (including Plaintiffs and Collective Class members) who were engaged in commerce or in the production of goods for commerce that is an activity of a public agency.

51.   At all relevant times, Defendant has been and was engaged in interstate commerce and/or the production of services for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(k).

52.   At all relevant times, Defendant had a policy and practice of failing to pay Plaintiffs and Collective Class members owed overtime wages in violation of the FLSA.

53.   At all relevant times, Defendant had a policy and practice of failing to pay Plaintiffs and Collective Class members overtime wage in violation of the FLSA.

54.   Defendant maintains records of hours that Plaintiffs and Collective Class members worked.

55.   The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of the statute, 29 U.S.C. § 255(a).

56.    Defendant's conduct constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

57.    Plaintiffs and Collective Class members suffered damages due to Defendant's willful misconduct.

58.    Due to Defendant's FLSA violations, Plaintiffs and Collective Class members were damaged and are entitled to recover from Defendant compensation for unpaid wages; an additional equal amount as liquidated damages; and reasonable attorneys' fees, costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

59.    Therefore, Plaintiffs and Collective Class members are entitled to all such unpaid overtime compensation and an additional equal amount as liquidated damages, for any such unpaid hours worked by them at any time during the three-year-period immediately preceding the commencement of this action.

60.    Defendant is liable for Plaintiffs and Collective Class members' damages pursuant to Section 16(b) of the Act (29 U.S.C. § 216(b)) for the total amount of Plaintiffs and Collective Class members' unpaid overtime compensation and an additional equal amount as liquidated damages, as well as an amount for reasonable attorneys' fees and for interest, together with the costs and expenses of this action.

61.     The Defendant is under a duty to imposed by 29 U.S.C. § 211(c) and the regulations of the United States Department of Labor to maintain and preserve payroll and other employment records with respect to Plaintiff and other law enforcement employees form with the amounts of Defendant's overtime liability can be ascertained.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiffs respectfully request a trial by jury and that this Court grant the following relief:

A.      Designation of this action as a collective action on behalf of the Plaintiffs and Collective Class members;

B.      Prompt issuance of notice to all Collective Class members, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Opt-In, and appointing Plaintiffs and their counsel to represent the Collective Class members;

C.      Award of all unpaid wages, including but not limited to, all unpaid minimum wage compensation and overtime wages, due under the FLSA to Plaintiffs and the Collective Class members;

D.      Award of liquidated damages to the Plaintiffs and Collective Class members;

E.   Award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

F.   Such other relief as this Court deems just and proper.

## **<u>JURY TRIAL DEMANDED</u>**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury on all questions of fact raised by this Complaint.

Respectfully submitted this July 6, 2020,

<u>/s/ Andrew Lampros</u>
Andrew Lampros
Ga. Bar #432328
**Hall & Lampros, LLP**
400 Galleria Pkwy SE
Suite 1150
Atlanta, GA 30339
Tel.: (404) 876-8100
Fax: (404) 876-3477
alampros@hallandlampros.com

<u>/s/ Joseph Padgett</u>
Joseph Padgett
Ga. Bar # 872672
**Roden Law**
1111 Glynco Parkway,
Suite 30-B
Brunswick, GA 31525
Tel.: (912) 303-5850
jpadgett@rodenlaw.com

<u>/s/ Thomas Withers</u>
Thomas Withers

Ga. Bar # 772250
**Gillen, Withers & Lake, LLC**
8 East Liberty Street
Savannah, GA 31401
Tel.: (912) 447-8400
Fax: (912) 629-6347
twithers@gwllawfirm.com

*Attorneys for Plaintiffs*

## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF GEORGIA
## BRUNSWICK DIVISION

| | | |
|---|---|---|
| LANGSTON AUSTIN, and<br>ERNEST FULLER III, on behalf<br>of themselves and all others similarly<br>situated, | ) <br> ) <br> ) <br> ) <br> ) | |
| Plaintiffs, | ) <br> ) | Case No. |
| v. | ) <br> ) | JURY TRIAL DEMANDED |
| GLYNN COUNTY, GEORGIA | ) <br> ) | |
| Defendant. | ) <br> ) | |

## VERIFICATION

I, LANGSTON AUSTIN, do hereby declare under oath and the penalty of perjury pursuant to 28 U.S.C. § 1776, that the facts and allegations contained in the forgoing *Verified Collective Action Complaint* are true and correct to the best of my knowledge, information, and belief.

Sworn to this 2 day of July, 2020.

Langston Austin

14

**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF GEORGIA**
**BRUNSWICK DIVISION**

| | | |
|---|---|---|
| LANGSTON AUSTIN, and ERNEST FULLER III, on behalf of themselves and all others similarly situated, | ) ) ) ) | |
| Plaintiffs, | ) ) | Case No. |
| v. | ) ) | JURY TRIAL DEMANDED |
| GLYNN COUNTY, GEORGIA | ) ) | |
| Defendant. | ) ) | |

**VERIFICATION**

I, ERNEST FULLER III, do hereby declare under oath and the penalty of perjury pursuant to 28 U.S.C. § 1776, that the facts and allegations contained in the forgoing *Verified Collective Action Complaint* are true and correct to the best of my knowledge, information, and belief.

Sworn to this _2_ day of July, 2020.

_____
Ernest Fuller III

15