FILED
John E. Triplett, Acting Clerk
United States District Court

By STaylor at 9:20 am, Nov 13, 2020

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| LANGSTON AUSTIN; and ERNEST FULLER, III, on behalf of themselves and all others similarly situated,<br><br>      Plaintiffs,<br><br>      v.<br><br>GLYNN COUNTY, GEORGIA; and E. NEAL JUMP, individually,<br><br>      Defendants. | CIVIL ACTION NO.: 2:20-cv-73 |

## **O R D E R**

This matter is before the Court on Plaintiffs' Motion for Leave to File Second Amended Complaint. Doc. 13. This case is a collective action Complaint, alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. 201, *et seq.* Doc. 1. Plaintiffs initially sued Defendant Glynn County, Georgia. Id. Plaintiffs then amended their Complaint as a matter of right to add Defendant Sheriff Neal Jump in his individual capacity. Doc. 7. Plaintiffs have now filed this Motion, seeking leave to file a Second Amended Complaint to add official capacity claims against Defendant Jump. Doc. 13. Defendants filed a Response. Doc. 15. Plaintiffs filed a Reply. Doc. 18. For the following reasons, I **DENY** Plaintiffs' Motion for Leave to File Second Amended Complaint. Doc. 13.

### BACKGROUND

On July 6, 2020, Plaintiffs filed their Complaint against Glynn County, Georgia. Doc. 1. Plaintiffs then amended their Complaint as a matter of right, adding Sheriff Neal Jump as a Defendant in his individual capacity. Doc. 7. Plaintiffs allege Defendant Jump employed

Plaintiffs and had the power to determine their wages.  Id. at 6.  Specifically, Plaintiffs allege Defendant Jump withheld overtime and other pay in violation of the FLSA.  Id.  Plaintiffs now seek to add Defendant Jump in his official capacity as the Glynn County Sheriff.  Doc. 13 at 1.  Plaintiffs state the only change in their Complaint would be adding Defendant Jump in his official capacity.  Id. at 1–2.

Defendants oppose Plaintiffs' Motion, arguing amending the Complaint to add him in his official capacity is futile because he is entitled to sovereign immunity under the Eleventh Amendment.  Doc. 15 at 2.  In their Reply, Plaintiffs argue Defendant Jump may be liable in his official capacity under the FLSA as Plaintiffs' employer, and thus, the proposed Second Amended Complaint is not futile.  Doc. 18 at 2–3.

## DISCUSSION

Because Plaintiffs already amended their Complaint once as a matter of course, they may only file their contested amendment with leave of court.  Fed. R. Civ. P. 15(a).  Generally, leave to amend under Federal Rule of Civil Procedure 15(a) is given freely.  Foman v. Davis, 371 U.S. 178, 182 (1962); Wedemeyer v. Pneudraulics, Inc., 510 F. App'x 875, 878 (11th Cir. 2013).  That said, leave to amend is not guaranteed, and a trial court may deny such leave "in the exercise of its inherent power to manage the conduct of litigation before it."  Reese v. Herbert, 527 F.3d 1253, 1263 (11th Cir. 2008).  "In making this determination, a court should consider whether there has been undue delay in filing, bad faith or dilatory motives, prejudice to the opposing parties, and the futility of the amendment."  Saewitz v. Lexington Ins. Co., 133 F. App'x 695, 699 (11th Cir. 2005) (quoting Foman, 371 U.S. at 182).  The Court finds granting leave to amend futile because Defendant Jump is entitled to Eleventh Amendment immunity for

2

Plaintiff's FLSA claim asserted against Defendant Jump in his official capacity, and the State of Georgia has not waived sovereign immunity for this claim.[1]

Defendants argue sovereign immunity bars the FSLA claim against Jump in his official capacity. The Eleventh Amendment to the United States Constitution provides that "the Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced, or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. "Although by its terms the Amendment applies only to suits against a State by citizens of another State," the Amendment also applies "to suits by citizens against their own States." Bd. of Trs. of the Univ. of Ala. v. Garrett, 531 U.S. 356, 363 (2001). Such immunity also extends to agents and instrumentalities that act as "arm[s] of the State" and "applies even when a state is not named as a party of record, if for all practical purposes the action is against the state." Manders v. Lee, 338 F.3d 1304, 1308 (11th Cir. 2003). Plaintiffs contend, on the other hand, sovereign immunity would not bar their claim because under Fulton County v. Lord, 746 S.E.2d 188 (Ga. Ct. App. 2013), claims brought by employees against their employers sound in contract, and the State of Georgia waives sovereign immunity for contract claims. Doc. 13 at 5–6 (citing Lord, 746 S.E.2d at 194).

---

[1] In Plaintiffs' Reply, they argue the Court must wait until after discovery to determine whether Defendant Jump is immune from liability. Doc. 18 at 6. "[T]he grant or denial of an opportunity to amend is within the discretion of the District Court . . . ." Foman, 371 U.S. at 182. "[D]enial of leave to amend is justified by futility when the 'complaint as amended is still subject to dismissal.'" Burger King Corp. v. Weaver, 169 F.3d 1310, 1320 (11th Cir. 1999) (citation omitted). Thus, the Court must determine if Plaintiffs proposed Second Amended Complaint would survive a motion to dismiss based on sovereign immunity at this stage in the litigation. See Ctr. for a Sustainable Coast v. Nat'l Park Serv., No. 2:19-CV-58, 2020 WL 1495800, at *7 (S.D. Ga. Mar. 19, 2020) (finding that none of the new allegations in the proposed amendment would be sufficient to survive a motion to dismiss and denying the motion to amend as futile).

Accordingly, it must be determined whether Defendant Jump is entitled to such immunity in his official capacity (i.e., whether he acted as an arm of the State), and, relatedly, whether the State of Georgia has waived sovereign immunity to claims brought under the FLSA.

**I.      Whether Defendant Jump is Entitled to Sovereign Immunity**

In determining whether an official is acting as an "arm of the State," the Court will weigh the four Manders factors: "(1) how state law defines the entity; (2) what degree of control the State maintains over the entity; (3) where the entity derives its funds; and (4) who is responsible for judgments against the entity." See Kicklighter v. Goodrich, 162 F. Supp. 3d 1363, 1368–69 (S.D. Ga. 2016) (citing Manders, 338 F.3d at 1309); see also Cunningham v. Fulton County, 785 F. App'x 798, 802 n.3 (11th Cir. 2019) (approving of the district court's application of the Manders factors to determine whether the sheriff acted as an arm of the state in making overtime, holiday pay, and sick leave decisions). Further, whether a defendant was acting as an "'arm of the State' must be assessed in light of the particular function in which the defendant was engaged when taking the actions out of which liability is asserted to arise." Manders, 338 F.3d at 1308. Thus, as to this FLSA claim, the Court must determine whether Defendant Jump was acting as an "arm of the State" when determining Plaintiffs' compensation in the course of their employment. In doing so, the Court will be guided by the Eleventh Circuit's opinion in Pellitteri v. Prine, 776 F.3d 777 (11th Cir. 2015). See Kicklighter, 162 F. Supp. 3d at 1368–69 (applying Manders and Pellitteri to determine whether a clerk of court is entitled immunity for her employee-related decisions); Cunningham v. Fulton County, No. 1:16-cv-533 (N.D. Ga. Nov. 8, 2017), ECF No. 44, pp. 6–7 (applying Manders to determine whether the Sheriff was entitled to qualified immunity when he functioned as an employer making wage related decisions).

**A.     How State Law Defines the Entity**

The Court begins its Manders analysis by examining how Georgia law defines sheriffs. In Pellitteri, the court found that Georgia law defines sheriffs as an "arm of the State" when hiring and firing deputies. See Pellitteri, 776 F.3d at 783. The Eleventh Circuit in that case considered whether the defendant-sheriff was immune from a § 1983 suit for his hiring and firing decisions.

Here, the specific function at issue is the compensation of employees. Plaintiffs object to reliance on Pellitteri based on the difference between claims for unpaid wages and wrongful termination. Doc. 18 at 8. Despite being distinguishable, these functions have been treated as one for purposes of the Manders inquiry. See Walker v. Jefferson Cnty. Bd. of Educ., 771 F.3d 748, 757 (11th Cir. 2014) (noting that the issues of employee hiring, assignment, and compensation fall under the function of "employee-related decisions"); Kicklighter, 162 F. Supp. 3d at 1376 (treating hiring and firing decisions under § 1983 and compensation decisions under the FLSA as the same function for purposes of a Manders analysis). Other courts have performed a Manders analysis and relied on Pellitteri to determine a defendant enjoys sovereign immunity for compensation decisions. See e.g., Cunningham, (N.D. Ga. Nov. 8, 2017), ECF No. 44, p. 7 (applying Manders to determine whether the sheriff-defendant is entitled to sovereign immunity when making compensation decisions). Therefore, based on Pellitteri, Defendant Jump in his official capacity as sheriff acts as an "arm of the state" when making compensation decisions. Thus, the first Manders factor—how state law defines the entity—weighs in favor of immunity. Id. (finding the first Manders factor weighs in favor of finding the defendant-sheriff in his official capacity as an "arm of the state").

5

Plaintiffs point to the different procedural postures—pre-discovery here and a motion for summary judgment in Pellitteri— between the two cases; this argument is not persuasive. Doc. 18 at 6–8; see Cunningham, (N.D. Ga. Nov. 8, 2017), ECF No. 44, pp. 7, 15 (performing a Manders analysis to on a motion to dismiss before an answer had been filed).  Plaintiffs argue the Court should permit discovery to allow Plaintiffs to "establish Defendant Jump, officially, was, in fact, Plaintiffs' employer." Id. at 6.  Allowing discovery on this issue, however, would be futile because whether Defendant Jump is in fact "officially" Plaintiffs' employer does not change whether Defendant Jump is entitled to Eleventh Amendment immunity.  Moreover, Defendant Jump is already being sued in his individual capacity, so if discovery does indeed bring facts to light to support the assertion that he employed Plaintiffs, the suit may proceed against him in his individual capacity.  Doc. 7.

### B.   Degree of Control the State Maintains Over the Entity

The second Manders factor for the Court to consider is the degree of control the State maintains over the entity.  Prior to its decision in Pellitteri, the Eleventh Circuit held that "sheriffs are largely independent from the State [of Georgia] when they make personnel decisions." Keene v. Prine, 477 F. App'x 575, 578 (11th Cir. 2012).  In Pellitteri, however, the court stated that such a statement was incorrect for two reasons.  776 F.3d at 781.  First, the State of Georgia exercises a great deal of control over the hiring and firing of deputy sheriffs, and second, sheriffs exercise their power for the State.  Id.  Again, while Pellitteri dealt with hiring and firing decisions under § 1983, the analysis and conclusion is the same for employee compensation decisions for purposes of a Manders inquiry for the above-stated reasons.  See Walker, 771 F.3d at 757; Kicklighter, 162 F. Supp. 3d at 1376; Cunningham, (N.D. Ga. Nov. 8, 2017), ECF No. 44, p. 7.  In Pellitteri, the "key question" is "for whom do[es] the sheriff exercise

6

that power," and just as in Pellitteri, the sheriff derives his power to make employment-related decisions from the state.  Pellitteri, 776 F.3d at 782; accord Cunningham, (N.D. Ga. Nov. 8, 2017) ECF No. 44, p. 8 ("The second factor weighs in favor of immunity because the State of Georgia exercises substantial control over a sheriff's personnel decisions through the governor's power to discipline a sheriff for misconduct and mandatory annual trainings.") (citing Manders, 383 F.3d at 1309, and Pellitteri, 76 F.3d at 782).  Accordingly, the second Manders factor weighs in favor of immunity.

### C.   Where the Entity Derives Its Funds

The third Manders factor involves the source of the government entity's funds.  In Keene, the Eleventh Circuit held this factor weighed against immunity because the "[c]ounty is clearly the principal source of funding for the Sheriff's Office, including for personnel expenditures." 477 F. App'x at 579.  Conversely, in Pellitteri, the court held this factor weighed in favor of Eleventh Amendment immunity for two reasons.  776 F.3d at 782.  First, because the State "mandates that counties set a budget for the sheriff's office," and second, counties "cannot dictate how the sheriff spends those funds."  Id.  Plaintiffs argue the Eleventh Circuit contradicts itself in Pellitteri and that this third factor weighs against immunity.  Doc. 18 at 8.

The Eleventh Circuit, in Kicklighter v. McIntosh County Board of Commissioners, clarified its ruling in Pellitteri, eliminating any contradictions of which Plaintiffs complain.  In Kicklighter, the court stated, "[T]he third Manders factor weighed in favor of immunity, because the state of Georgia required counties to set the sheriff's total budget and the county could not dictate the way the sheriff used the budget."  Kicklighter v. McIntosh Cnty. Bd. of Comm'rs, 694 F. App'x 711, 716 (11th Cir. 2017).  This Court follows the Eleventh Circuit's holding in Kicklighter, finding the third Manders factor weighs in favor of immunity for Defendant Jump.

7

### D. Liability for and Payment of Adverse Judgments

Finally, the Court must consider "who is responsible for judgments against the entity." Manders, 338 F.3d at 1309. As noted in Pellitteri, the "financial independence afforded the sheriff's office 'creates something of a lacuna' because neither the State nor the County will be required to directly pay for any adverse judgment against the Sherriff's office." Pellitteri, 776 F.3d at 783 (citing Keene, 477 F. App'x at 579; Manders, 338 F.3d at 1327). Instead, any adverse judgment against Defendant Jump in his official capacity will be paid out of the budget of the Glynn County Sheriff's Office, which is comprised of both state and county funds. See Manders, 338 F.3d at 1327 (discussing sources of funding for the county sheriff's office). Thus, to the extent the State treasury is spared from paying any adverse judgment, this factor weighs against immunity. Pellitteri, 776 F.3d at 783 (citing Abusaid v. Hillsborough Cnty. Bd. of Cnty. Comm'rs, 405 F.3d 1298, 1313 (11th Cir. 2005)).

When the fourth factor is the only one weighing against finding the entity is an arm of the state, as is the case here, the entity will, on balance, be entitled to Eleventh Amendment immunity. Kicklighter, 694 F. App'x at 715 (citing Pellitteri, 776 F.3d at 783); see also Cunningham, (N.D. Ga. Nov. 8, 2017), ECF No. 44 (holding a county sheriff is entitled to sovereign immunity for compensation decisions). Consequently, I find Defendant Jump would be entitled to sovereign immunity to Plaintiffs' FLSA claims, unless that sovereign immunity has been waived. The Court now addresses waiver.

## II. Whether Georgia Waived Sovereign Immunity for FLSA Claims

The Eleventh Amendment constitutes an absolute bar against suits by a citizen against their own state, unless the state has waived its immunity. Seminole Tribe of Fla. v. Florida, 517 U.S. 44, 54 (1996). Because, as discussed above, Defendant Jump in his official capacity is

entitled to sovereign immunity, Plaintiffs will only be able to sue Defendant Jump in his official capacity if the State of Georgia has waived sovereign immunity.

State agencies and state officials sued in their official capacities are afforded immunity from suits in federal court, unless the state has waived its immunity or Congress has exercised its right to override the state's immunity pursuant to the Constitution of the United States. See, e.g., Robinson v. Georgia Dep't of Transp., 966 F.2d 637, 638, 640 (11th Cir. 1992); Cross v. Alabama, 49 F.3d 1490, 1502 (11th Cir. 1995). To constitute waiver, state law must provide "unequivocal indication" that the state intends to consent to federal jurisdiction. Otherwise, it will be barred by the Eleventh Amendment." Small v. Georgia, 446 F. Supp. 3d 1352, 1359 (S.D. Ga. 2020) (citing Robinson v. Ga. Dep't of Transp., 966 F.2d 637, 640 (11th Cir. 1992)).

Plaintiffs rely on Fulton County v. Lord, 746 S.E.2d 188 (Ga. Ct. App. 2013), to argue the State of Georgia has waived sovereign immunity for their FLSA claim.[2] Doc. 13 at 5. In Lord, the plaintiffs brought a state-law contract claim based on Fulton County's civil-service policies, asserting that an employment contract existed between the plaintiffs and Fulton County. Lord, 746 S.E.2d at 190. The Georgia Court of Appeals held the State of Georgia expressly waived sovereign immunity in the Georgia Constitution, Article I, Section 2, Paragraph IX(c), and allowed the claim to proceed. Id. Here—unlike the plaintiffs in Lord—Plaintiffs are suing Defendant Jump under the FLSA and are not asserting state-law contract claims based on written policies or an employment contract. Doc. 1 at 1, 8. The distinction is material. The Eleventh Circuit has repeatedly recognized the distinctions between state law contract claims and claims brought under the FLSA. See Avery v. City of Talladega, 24 F.3d 1337, 1348 (11th Cir. 1994)

---

[2] Although Plaintiffs do not expressly couch their argument in terms of "waiver"—instead, simply stating sovereign immunity is not an available defense—the only discernible reason to invoke Lord in this context is to support an argument that sovereign immunity has been waived.

(holding that the FLSA does not preempt a state law contractual claim that seeks to recover wages for time that is compensable under the contract but not under the FLSA); see also Freeman v. City of Mobile, 146 F.3d 1292, 1298 (11th Cir. 1998); Johnson v. WellPoint, Inc., Civil Action No. 1:06-CV-2430, 2009 WL 8753325, at *22 (N.D. Ga. Mar. 30, 2009).[3] Moreover, Lord relied on Georgia Constitution, Article I, Section 2, Paragraph IX(c), which specifically refers to the "breach of any written contract."  Therefore, the Georgia Court of Appeals' decision in Lord cannot be relied on to argue the State of Georgia waived sovereign immunity for FLSA claims, which have a statutory rather than a contractual basis and do not similarly implicate the Georgia Constitution.  That is, Lord does not answer the question of whether the State of Georgia waived sovereign immunity for claims under the FLSA.

Plaintiffs provide no controlling authority that the State of Georgia has waived its sovereign immunity for claims arising under the FLSA.  To the contrary, courts—including this one—considering the question have concluded the State of Georgia has not waived sovereign immunity for FLSA claims.  Crane v. Pineland Mental Health, No. CV206-047, 2007 WL 9702303, at *1 (S.D. Ga. Jan. 25, 2007) ("State agencies are immune from FLSA suits in federal court, and Georgia has not waived its sovereign immunity under these circumstances."); Garnett v. Georgia, No. CV 106-032, 2007 WL 9701364, at *2 (S.D. Ga. Jan. 1, 2007) (finding Georgia has not waived its Eleventh Amendment immunity for claims under the FLSA); see also Hicks v. Ga. Dep't of Human Servs., No. 5:12-CV-210, 2013 WL 1568052, at *3 (M.D. Ga. Apr. 12, 2013) ("FLSA claims against states and their agencies are [] barred by sovereign immunity.") (citing Powell v. Florida, 132 F.3d 677, 678 (11th Cir. 1998)); Rainey v. Ga. Dep't of Juv. Just.,

---

[3] Although the cases cited here discuss preemption of state law contract claims under the FLSA, the Court's citation to these cases should not be construed as any comment on the applicability of preemption in this case.  Rather, the cases are cited simply to demonstrate that state law contract claims are distinct from claims brought under the FLSA.

No. 1:06-CV-1834, 2007 WL 9702335, at *6 (N.D. Ga. Nov. 20, 2007). Indeed, there is no "unequivocal indication" the State of Georgia has waived its sovereign immunity to FLSA claims.

Given Defendant Jump's entitlement to sovereign immunity in his official capacity and that the State of Georgia has not waived its sovereign immunity, amendment would be futile. Accordingly, I **DENY** Plaintiffs' Motion for Leave to File Second Amended Complaint.

## CONCLUSION

For the above-stated reasons, I **DENY** Plaintiffs' Motion for Leave to File Second Amended Complaint.

**SO ORDERED**, this 13th day of November, 2020.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA