FILED
John E. Triplett, Acting Clerk
United States District Court
By CAsbell at 3:24 pm, Dec 03, 2020

# In the United States District Court
# For the Southern District of Georgia
# Brunswick Division

| | | |
|---|---|---|
| LANGSTON AUSTIN; and ERNEST FULLER, III, on behalf of themselves and all others similarly situated, | * * * * | |
| Plaintiffs, | * * | CIVIL ACTION NO.: 2:20-cv-73 |
| v. | * * | |
| GLYNN COUNTY, GEORGIA; and E. NEAL JUMP, individually, | * * * | |
| Defendants. | * | |

## ORDER

Plaintiffs filed suit, alleging Defendants violated the Fair Labor Standards Act.  Dkt. No. 1.  Plaintiffs amended their Complaint as a matter of right, adding Defendant Jump in his individual capacity as a Defendant.  Dkt. No. 7.  Plaintiffs then sought leave to amend their Complaint again, seeking to add Defendant Jump in his official capacity.  Dkt. No. 13. Defendant Jump opposed Plaintiffs' motion for leave to file second amended complaint, arguing amendment would be futile because Defendant Jump is entitled to Eleventh Amendment immunity in his official capacity for claims arising under the FLSA.  Dkt. No. 15, p. 2.  The Magistrate Judge agreed with

Defendants and denied Plaintiffs' Motion. Plaintiffs filed Objections to the Magistrate Judge's Order. Dkt. No. 25.

A district judge must consider a party's objections to a magistrate judge's order on a pretrial matter. See 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). However, the district judge may modify or set aside that order, and reconsider the pretrial matter, only "where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); see also Fed. R. Civ. P. 72(a).

In their Objections, Plaintiffs argue the Magistrate Judge's Order is contrary to law for the reasons set forth in their motion for leave to file second amended complaint and reply to response to motion for leave to file second amended complaint. Dkt. No. 25, p. 2 (citing Dkt. Nos. 13, 18). Additionally, Plaintiffs assert the Magistrate Judge does not have the authority to issue an order denying their motion for leave to amend because it is a dispositive pretrial matter. Id. Plaintiffs contend the Order is dispositive because it addresses the ultimate merits and underlying claims in the case. Id.

Plaintiffs offer no new arguments regarding leave to amend, instead pointing to their initial motion for leave to file second amended complaint and reply brief for the contention the Magistrate Judge's decision is contrary to law or clearly erroneous. Dkt. Nos. 13, 18. Though Plaintiffs argued

2

Defendant Jump would not enjoy immunity in his official capacity under Georgia law, as the Magistrate Judge explained, Defendant Jump is entitled to immunity under Manders v. Lee, 338 F.3d 1304 (11th Cir. 2003), and Georgia has not waived Eleventh Amendment immunity for claims under the Fair Labor Standards Act. Dkt. No. 20, pp. 4-11. As the Magistrate Judge pointed out, Plaintiffs have not provided any controlling authority demonstrating the State of Georgia has waived its sovereign immunity. Id. at p. 10. Plaintiffs provide no specific objections to the law the Magistrate Judge cites to support his conclusion that Georgia has not waived sovereign immunity for suits arising under the FLSA. Id. Accordingly, Plaintiffs have not shown any error in the Magistrate Judge's decision, nor did this Court identify any errors.

Plaintiffs' assertion the Magistrate Judge lacked authority to issue an Order on their motion is also unpersuasive. Although courts have noted there is some dispute about whether a motion to amend a complaint is a dispositive motion, "[t]he weight of authority holds that motions to amend pleadings are non-dispositive matters which may be referred to a magistrate judge and reviewed by the district court under the 'clearly erroneous standard.'" See EEOC v. Exel Inc., 259 F.R.D. 652, 652 n.1 (N.D. Ga. 2008) (citing cases).

3

Moreover, the Eleventh Circuit Court of Appeals has indicated a ruling on a motion to amend is a non-dispositive motion. See Reeves v. DSI Sec. Servs., Inc., 395 F. App'x 544, 548 (11th Cir. 2010) ("A district court may also designate a magistrate judge to rule on certain non-dispositive pretrial motions, such as a motion to amend a complaint."); Palmore v. Hicks, 383 F. App'x 897, 899-900 (11th Cir. 2010) ("An order disposing of a motion to amend is a non-dispositive pretrial ruling."); accord Smith v. SAP America, Inc., No. 1:07-CV-1294, 2008 WL 11407350, at *3 (N.D. Ga. Jan. 2, 2008) (magistrate judge denying a motion to amend by order based on futility); Graham v. United States, No. 1:11-CR-12-7, 2014 WL 200544, at *1 (M.D. Ga. Jan. 17, 2014) ("District courts review a magistrate judge's decision on a motion to amend for clear error.") (citations omitted); Exel Inc., 259 F.R.D. 652 at n.1. (collecting cases and concluding motions to amend pleadings are non-dispositive motions that may be ruled on by magistrate judges).[1]

Thus, Plaintiffs have not shown the Magistrate Judge's Order is clearly erroneous or contrary to law or the Magistrate Judge lacked the authority to issue such an Order. Accordingly,

---

[1] The view that a motion to amend, even when based on futility, is non-dispositive is also shared by other Circuit courts. See Fielding v. Tollaksen, 510 F.3d 175, 178 (2d Cir. 2007); Hall v. Norfolk Southern Ry. Co., 469 F.3d 590, 595 (7th Cir. 2006); Pagano v. Frank, 983 F.2d 343, 346 (1st Cir. 1993).

AO 72A
(Rev. 8/82)

the Court **OVERRULES** Plaintiffs' Objections.  The Court's November 13, 2020 Order remains the Order of this Court.

  **SO ORDERED**, this \_\_\_\_3\_\_\_\_ day of \_\_December\_\_, 2020.

          _____
          HON. LISA GODBEY WOOD, JUDGE
          UNITED STATES DISTRICT COURT
          SOUTHERN DISTRICT OF GEORGIA

AO 72A
(Rev. 8/82)