# United States District Court
# for the Southern District of Georgia
# Brunswick Division

| | |
|---|---|
| LANGSTON AUSTIN; and ERNEST FULLER, III, on behalf of themselves and all others similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>GLYNN COUNTY, GEORGIA; and E. NEAL JUMP, individually,<br><br>    Defendants. | CV 220-073 |

## ORDER

Before the Court is a motion to dismiss filed by Defendants Glynn County, Georgia and Sheriff E. Neal Jump. Dkt. No. 11. The motion has been fully briefed and is ripe for review.

## BACKGROUND

This case is a collective class action alleging violations of the Fair Labor Standards Act (the "FLSA" or the "Act"), 29 U.S.C. § 201, et seq. Plaintiffs Langston Austin and Ernest Fuller, III, are detention officers who allege Defendants withheld overtime and other pay in violation of the FLSA. Dkt. No. 7 ¶¶ 17, 30, 38, 55.

Plaintiffs initially sued Defendant Glynn County, Georgia (the "County"). Dkt. No. 1. The County moved to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Dkt. No. 5. Plaintiffs then amended their complaint as a matter of

right to add Defendant Sheriff Neal Jump (the "Sheriff") in his individual capacity, dkt. no. 7, rendering moot the County's motion to dismiss, dkt. no. 10.  The County and Sheriff then filed a motion to dismiss the amended complaint.  Dkt. No. 11.  Meanwhile, the Court denied as futile Plaintiffs' motion for leave to file a second amended complaint adding claims against the Sheriff in his official capacity, dkt. no. 13, due to sovereign immunity.  Dkt. No. 20.  Now, Defendants' renewed motion to dismiss, having been fully briefed, is ripe for review.

The following facts are taken from Plaintiffs' amended complaint and are assumed to be true for the purposes of this motion to dismiss.  During various periods within the three years prior to filing this lawsuit, Plaintiffs were detention officers allegedly employed by Defendants Sheriff Jump, in his individual capacity, and Glynn County.  Dkt. No. 7 ¶¶ 1, 4, 5, 17, 20, 21, 25-27, 40-53.  Plaintiffs' job duties included enforcing rules and keeping order within jails or prisons, supervising activities of inmates, inspecting facilities to ensure that they meet security and safety standards, searching inmates for contraband items, reporting on inmate conduct, and escorting and transporting inmates.  Id. ¶ 40.  The County determined Plaintiffs' rate and method of pay; it also maintained Plaintiffs' employment records and provided the funds used to pay Plaintiffs for their work.  Id. ¶¶ 30-32.  Sheriff Jump had control and direction over Plaintiffs'

2

workplace conditions, operations, compensation, and hiring and firing decisions.  Id. ¶ 34.

Defendants argue that neither the County nor the Sheriff is Plaintiffs' employer under the FLSA, and that, as such, the Court lacks subject matter jurisdiction over this matter pursuant Federal Rule of Civil Procedure 12(b)(1).  Defendants also argue the amended complaint fails to state a claim for which relief may be granted pursuant to Rule 12(b)(6).  Dkt. No. 11-1 at 2.

## LEGAL AUTHORITY

"A court may dismiss a complaint when it lacks subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) or when the complaint does not state a facially plausible claim for relief under Rule 12(b)(6)."  Lee v. City of Walthourville, No. 4:18cv90, 2019 WL 339631, at *2 (S.D. Ga. Jan. 28, 2019).

"Motions pursuant to 12(b)(1) take one of two forms: a 'facial attack' on subject matter jurisdiction based on the complaint's allegations taken as true or a 'factual attack' based on evidentiary matters outside of the pleadings."  Id.  Here, in the "facial attack" context, the court proceeds as if it were evaluating a 12(b)(6) motion.  Sinaltrainal v. Coca Cola Co., 578 F.3d 1252, 1260 (11th Cir. 2009), abrogated on other grounds, Mohamad v. Palestinian Aut., 566 U.S. 449 (2012).

In evaluating a Rule 12(b)(6) motion to dismiss, a court must "accept[ ] the allegations in the complaint as true and constru[e]

3

them in the light most favorable to the plaintiff." Belanger v. Salvation Army, 556 F.3d 1153, 1155 (11th Cir. 2009). "A complaint must state a facially plausible claim for relief, and '[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Wooten v. Quicken Loans, Inc., 626 F.3d 1187, 1196 (11th Cir. 2010) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). "A pleading that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action'" does not suffice. Ashcroft, 556 U.S. at 678 (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 545 (2007)). While a court must accept all factual allegations in a complaint as true, this tenet "is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are insufficient. Id.

## DISCUSSION

The FLSA sets forth minimum wage and overtime requirements which must be adhered to by employers who are covered by the Act. Donovan v. Barrett Convalescent Ctr., Inc., No. C-81-95-G, 1982 WL 2185, at *1 (N.D. Ga. Apr. 28, 1982). Pursuant to the FLSA, the term "'employer' includes any person acting directly or indirectly in the interest of an employer in relation to an employee and includes a public agency." 29 U.S.C. § 203(d). The outcome of

4

Defendants' motion to dismiss rests on whether Defendants are Plaintiffs' employers. Defendants argue that they are not Plaintiffs' employers as a matter of law. Plaintiffs argue that either the County or the Sheriff is Plaintiffs' employer and thus liable for unpaid wages under the FLSA. Dkt. No. 14 at 3.

**I.   Plaintiffs' Claims Against the County**

First, the Court will address Plaintiffs' contention that the County is their employer. To determine whether an individual or entity qualifies as an employer under the FLSA, courts in the Eleventh Circuit are charged with considering "the total employment situation." Welch v. Laney, 57 F.3d 1004, 1011 (11th Cir. 1995). Such an inquiry includes weighing "whether or not the employment took place on the premises of the alleged employer; how much control [ ] the alleged employer exert[ed] on the employees; and, [whether] the alleged employer ha[d] the power to fire, hire, or modify the employment condition of the employees." Id. (quoting Wirtz v. Lone Star Steel Co., 405 F.2d 668, 669–70 (5th Cir. 1968)) (alterations in original).

Plaintiffs argue that the County exercised the necessary authority and control over Plaintiffs to establish it as Plaintiffs' employer. Dkt. No. 14 at 6-7. Plaintiffs further argue dismissal is inappropriate at the motion to dismiss stage and the Court should permit discovery to determine whether the County is in fact Plaintiffs' employer. Id. at 7-8. Plaintiffs'

5

discovery contention is generally supported by case law. See Donovan, 1982 WL 2185, at *3 (noting that the term "employer" is defined broadly under the FLSA and "[w]hether a person is an 'employer' under the Act is a question of fact" (citing Wirtz v. Lone Star Steel Corp., 405 F.2d 668, 669 (5th Cir. 1968))). However, while the County might have controlled aspects of Plaintiffs' employment, the Court concludes the County is not Plaintiffs' employer as a matter of law.

Under Georgia law, counties do not employ those working for an elective office. See GA. CONST. art. IX, § II ¶ I(c)(1) (stating that the power granted to counties shall not be construed to extend to "[a]ction affecting any elective county office, the salaries thereof, or the personnel thereof, except the personnel subject to the jurisdiction of the county governing authority"). Further, the Georgia Supreme Court has held that sheriffs' deputies are employees of the sheriff and not the county. See Warren v. Walton, 202 S.E.2d 405, 409 (Ga. 1973) ("[D]eputy sheriffs and deputy jailors are employees of the sheriff, whom the sheriffs alone are entitled to appoint or discharge."); see also Brown v. Jackson, 470 S.E.2d 786, 787 (Ga. Ct. App. 1996). Finally, the Eleventh Circuit has unequivocally held that Georgia "[d]eputies are . . . considered employees of the sheriff and not the [c]ounty." Pellitteri v. Prine, 776 F.3d 777, 780 (11th Cir. 2015) (citing Warren and Brown). Like deputies, detention officers or "jailors"

6

are employees of the sheriff.  See Drost v. Robinson, 22 S.E.2d 475, 480 (Ga. 1942) ("Deputy sheriffs and deputy jailors are employees of the sheriff, whom the sheriffs alone are entitled to appoint or discharge.").

Plaintiffs argue that the County controls some aspects of their employment and that they should be allowed to conduct discovery to show the same.  The Court finds instructive Kicklighter v. Goodrich, 162 F. Supp. 3d 1363 (S.D. Ga. 2016).  There, former employees filed an FLSA claim against the county board of commissioners and clerk of superior court, contending that the county board was liable for unpaid overtime payments.  In analyzing a motion for summary judgment, the Court held that, while the county "may provide [the clerk of court] with the funding . . . to pay . . . employees, [the county] is not [p]laintiff's employer." Id. at 1377 (citing GA. CONST. art. IX, § II ¶ I (stating that counties do not have the power to affect any elective county office)).  The Court concluded that "[p]laintiff's FLSA claim against [the defendant county] cannot continue." Id.  Though the Kicklighter court addressed a motion for summary judgment, it did not discuss the kind or amount of control the county had over plaintiffs, because, under the Georgia Constitution, counties lack the essential power required to employ employees of elected offices, with the exception of the county's own governing board.  Like the county in Kicklighter, the County here might exercise

7

some control or administration of Plaintiffs' employment, but that does not make the County Plaintiffs' employer.

In Peppers v. Cobb County, Georgia, the Eleventh Circuit similarly held that plaintiff, who worked for the district attorney's office, was not the county's employee. 835 F.3d 1289, 1295-96 (11th Cir. 2016). There, the plaintiff brought gender discrimination claims under Title VII and the Equal Pay Act, which is part of the FLSA, against both the county and the district attorney's office. Though the county "provided paymaster, administrative, and budgetary functions for the district attorney's office," it lacked the authority to supervise, hire, or fire district attorney employees per the Georgia Constitution. Id. at 1297, 1301 (citing GA. CONST. art. IX, § II ¶ I). With regard to the separation of the two governmental entities, the court explained:

> "We should not brush aside a state's own distinctions between its governmental subdivisions, because even ostensibly formal distinctions are part of a government's ability to shape its own institutions within constitutional bounds, and we are obligated to respect a state's right to do so." [Lyes v. City of Riviera Beach, 166 F.3d 1332, 1344 (11th Cir. 1999).] Because there are "few things closer to the core of a state's political being and its sovereignty than the authority and right to define itself and its institutions in relation to each other," id., we must act with particular care and hesitation when we are asked to override those distinctions the state has adopted.

Id. at 1299.

Here, the County similarly might provide administrative and budgetary functions for the Sheriff's office and its detention officers, but the County lacks the authority to supervise, hire, or fire Sheriff's office employees per the Georgia Constitution. Both Eleventh Circuit and Georgia law dictate that Plaintiffs, as detention officers, are employees of the Sheriff and not the County. Accordingly, Defendants' motion to dismiss is **GRANTED** as to Plaintiffs' claims against Defendant Glynn County.

## II. Plaintiffs' Claims Against the Sheriff in his Individual Capacity

The Court now turns to whether Sheriff Jump is Plaintiffs' employer. Plaintiffs state that the Sheriff had the power to hire and fire, supervised and controlled work schedules and conditions, determined the rate and method of payment, and maintained employment records. Dkt. No. 7 ¶¶ 33-39. Plaintiffs further argue that the Court should permit discovery to determine, based on the total employment situation, whether the Sheriff is Plaintiffs' employer. Dkt. No. 14 at 3; Welch, 57 F.3d at 1011. Defendant Sheriff argues that, as a public official, he cannot be sued in his individual capacity for FLSA violations and urges that the claims against him be dismissed as a matter of law. Dkt. No. 11-1 at 10.

A person may be held individually liable in an FLSA suit if he or she qualifies as an "employer" under the Act. 29 U.S.C.

9

§§ 215(a)(2), 216(b); see also Donovan, 1982 WL 2185, at *4.  The FLSA definition of "employer" includes "any person acting directly or indirectly in the interest of an employer in relation to an employee."  29 U.S.C. § 203(d); see also Moore, 708 F.3d at 1237.

The Court finds two Eleventh Circuit cases instructive.  First, in Welch v. Laney, the Eleventh Circuit applied the total employment situation factors and held that a sheriff could not be held individually liable for an equal pay claim asserted under the FLSA by a dispatcher. 57 F.3d at 1011.  The court explained that outside of his role as a public official, the sheriff "had no control over [the dispatcher's] employment" and therefore did not qualify, in his individual capacity, as the dispatcher's employer under the FLSA.  Id.

Several years later, in Wascura v. Carver, the Eleventh Circuit hearkened back to its holding in Welch.  169 F.3d 683, 684–86 (11th Cir. 1999).  The plaintiff in Wascura was a city clerk who asserted a retaliation claim pursuant to the Family and Medical Leave Act (the "FMLA") against the mayor, vice mayor, and two city commissioners—all in their individual capacities.  Id. at 684.  The public official defendants claimed they were entitled to dismissal because they were not "employers" under the FMLA.  Id.  The Wascura court, noting that the FLSA and the FMLA contain identical definitions for "employer," relied on Welch as controlling authority with regard to whether the defendants, in

10

their individual capacities, qualified as "employers." Id. at 685–86. The court explained that Welch addressed the issue of "whether the term 'employer' includes a public official in his or her individual capacity" and concluded that "it does not." Id. at 686. As a result, the Wascura Court held that the plaintiff's FMLA claim against the city officials should have been dismissed insofar as it was asserted against the officials in their individual capacities because, as a matter of law, they did not qualify as "employers." Id. at 687.

Pursuant to Welch and Wascura, Defendant Sheriff, as a public official, does not qualify in his individual capacity as an "employer" under the FLSA. Despite the Eleventh Circuit precedent, Plaintiffs urge the Court to consider and apply the reasoning and decisions of other circuits that do permit public officials to be held liable in their individual capacities under the FLSA. Dkt. No. 14 at 14-17; see also, e.g., Luder v. Endicott, 253 F.3d 1020, 1022 (7th Cir. 2001) (disagreeing with the holdings of Wascura and Welch); Bonzani v. Shinseki, 895 F. Supp. 2d 1003, 1007 (E.D. Cal. 2012) (discussing the split among circuits on the issue of individual liability). However, the Court is bound by the decisions of the Eleventh Circuit, and Plaintiffs do not cite any authority that would permit the Court to deviate from the Circuit's precedent. See Fox v. Acadia State Bank, 937 F.2d 1566, 1570 (11th Cir. 1991) ("[A] district court in this circuit is bound by this

11

court's decisions."). Accordingly, the Court finds that Plaintiffs' FLSA allegations against Defendant Sheriff in his individual capacity do not state a claim for which relief may be granted and **GRANTS** Defendants' motion as to Plaintiffs' claims against Defendant Sheriff Jump.[1]

## CONCLUSION

Defendants' motion to dismiss, dkt. no. 11, is **GRANTED** in its entirety.  Plaintiffs' amended complaint is **DISMISSED** with prejudice.  The Clerk is **DIRECTED** to terminate all pending motions and close this case.

**SO ORDERED**, this 7th day of January, 2021.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

[1] To the extent Plaintiffs argue that discovery is necessary to determine whether the Sheriff had control over the conditions of Plaintiffs' employment, their argument is unmeritorious.  Under Eleventh Circuit precedent, whether the Sheriff is an employer in his individual capacity is a question of law, not fact.

12